FREDERICK HOUTSCH *vs.* THE MAYOR AND COMMON COUNCIL OF JERSEY CITY.

The ordinances of Jersey City provide that no person licensed to keep an inn and tavern in the city shall expose intoxicating liquors for sale on Sunday. *Held,* that having liquor in its usual place in the bar, without some affirmative act offering to sell it, was not a violation of the ordinance.

*Certiorari* from the recorder of Jersey City.

*C. H. Winfield,* for plaintiff in *certiorari.*

1. The right of trial by jury was denied defendant below. *Pamph. Laws* 1851, 399, § 17; 3 *Peters* 446; *U. S. Const., Art.* 8 *of Amendments.* The "value in controversy" is more than $20. The "penalty" prescribed by ordinance is fine $20 and forfeiture of license, the price of which is fixed at not less than $52, making in all "the value in controversy" $72. *Bennett* v. *Ward,* 3 *Caines* 59; *Lair* v. *Killmer,* 1 *Dutcher* 522; *State* v. *Stimson,* 4 *Zab.* 30.

2. There was no proof that Houtsch had "exposed for sale" intoxicating liquors. Travelers must be received and entertained. 5 *C. & P.* 213; 1 *Bish. Cr. L.*, § 394; *Rex* v. *Luellin*, 12 *Mod.* 445; *Ordinance*, §§ 5 and 6. What is "to expose for sale?" *Boynton* v. *Page*, 13 *Wend.* 425. The ordinance, if strictly construed, shows the common council have exceeded the power conferred by *charter*, § 42, *pl.* 11, which relates to "traffic in" and "sale of," not "exposing for sale." *The Mayor, &c., of N. York* v. *Ordrenan,* 12 *J. R.* 122; *Childs* v. *The Hudson Bay Co.*, 2 *P. Wms.* 207.

3. There was no proof that defendant was licensed. The certified copy of the resolution of the common council, that a license *should* issue, is no proof that the license ever *did* issue. The ordinance, § 5, prescribes form of license.

VAN DYKE, J The writ in this case removes proceedings instituted before the recorder of Jersey City to recover a penalty of twenty dollars against the defendant for a violation of an ordinance of the corporation concerning inns and taverns.

By the 6th section of the ordinance referred to, it is ordained, among other things, that no person licensed to keep an inn and tavern in that city should on the Christian Sabbath expose for sale any intoxicating liquors of any kind, and that for any offence against the section the party offending should forfeit and pay the sum of twenty dollars. The complaint in the case is, "that on Sunday, the 25th day of November, 1860, in Jersey City, in the county aforesaid, Frederick Houtsch did expose for sale intoxicating liquors to persons unknown to the deponent within the limits of Jersey City, and that he was licensed to keep an inn and tavern.

The evidence taken to support this complaint was reduced to writing, and certified to us by the recorder.

Several exceptions to the proceedings were taken by the counsel for the defendant; among the rest, that the complaint was not proved. This exception, I think, is well taken, and therefore it is unnecessary to examine the rest. It appears that three police officers entered the house of the defendant on the Sunday in question, and went into his bar-room. Two of them speak of what they saw inside; they say they saw several persons there, and that the bar, bottles, liquor, &c., were all exposed as on other days; but they do not say that any one was intoxicated, or was or had been drinking, or that any one asked for liquor, or that any was offered for sale, or set upon the table or counter of the bar, or that the subject of liquor was spoken of at all by any one. Nor does it in any way appear that the bottles or liquor occupied any other place than on the shelves inside the bar, untouched, undisturbed, and not even referred to by any one. I cannot suppose that this was an exposure of intoxicating liquors for sale within the meaning of the ordinance. It can hardly be that every tavern-keeper in Jersey City is bound to so lock up his bar-room on the Sabbath as that no one can enter it, nor that he is bound either to remove all his liquor from the bar on that day, or so conceal it that it cannot be seen by a person going in. To expose liquor for sale means something more than that it should be in his house or in his bar. It requires some affirmative or positive act of offering it for sale, or of holding out some offer, or temptation, or inducement to those present to purchase. This does not appear to have been done beyond the fact that those who entered his bar-room could see that he had liquor in his bar. This is not enough.

The witnesses say that previous to going in they heard some noise and loud talk inside; but this forms no part of the case.

I think, therefore, that the complaint is not sustained by the evidence, and that the proceedings and judgment of the recorder should be reversed.

Houtsch v. Jersey City.

HAINES, J. The prosecution in this case is based upon the allegation that the defendant below was a licensed keeper of an inn and tavern, and as such violated the city ordinance by exposing to sale, on Sunday, intoxicating liquors.

Proof that the defendant was such licensed innkeeper is indispensable to the maintenance of the complaint.

But there was no legal proof on that point. The resolution of the common council, by which it was resolved "that a license be granted to Frederick Houtsch to keep an inn and tavern at 179 Newark avenue, in the third ward of Jersey City," is no evidence that a license was ever issued to or received by him. It is proof of authority to issue it, but not that it was in fact issued or that the defendant had complied with the terms on which it was granted. Had he been indicted for selling liquor without license, proof of such resolution alone would not have exculpated him from the charge.

The ordinance which forbids such exposure of liquors provides for the granting of licenses, and gives the form of them. To prove that one was issued to the defendant below, the license itself should have been produced, or its absence accounted for and its contents proved. If it were in the hands of the defendant, a notice to produce would have brought it forth or prepared the way for the admission of proof of its contents.

Without considering the other objections to the proceedings below, or the allegation of the want of proof of the exposure of liquor for sale, I think this is sufficient to reverse the judgment of conviction.

The like objection must also prevail to reverse the judgments in the like cases in which Doyle *v.* Somers were defendants below and prosecutors here.